ORIGINAL Case 3:05-cv-01476-L   Document 117   Filed 06/02/06   Page 1 of 3   PageID 981

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 2 2006

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TODD LINDLEY and <br> LINDLEY & ASSOCIATES, <br><br> Plaintiffs, <br><br> v. <br><br> HACKARD & HOLT, <br> MICHAEL A. HACKARD, and <br> THEODORE J. HOLT, Individually, <br><br> Defendants. | § § § § § § § § § § § § § § Civil Action No. 3:05-CV-1476-L |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants Hackard & Holt et al.'s Motion to Enlarge Time for Leave to File an Amended Answer and Counterclaim to Plaintiffs' Amended Complaint and for Modification of Scheduling Order, filed March 30, 2006. Defendants contend that their former counsel neglected this case, failed to respond and appear in accordance with several court orders, and ultimately subjected them to sanctions by the court. Defendants request that the scheduling order be modified to allow them to file an amended answer and counterclaim, and that the court issue a new scheduling order extending all deadlines by two months.

Plaintiffs respond that: (1) the motion is untimely and futile; (2) there are no allegations that the new counterclaim and defenses are based on newly discovered facts; (3) granting the motion will unreasonably delay the proceeding and unfairly prejudice Plaintiffs; and (4) Defendants should have monitored their former counsel. This case is set for trial on the court's four-week docket beginning October 2, 2006.

Memorandum Opinion and Order - Page 1

A scheduling order can only be modified upon a showing of good cause. *See* Fed. R. Civ. P. 16(b); *S & W Enters. v. Southwest Bank of Alabama*, N.A., 315 F.3d 533, 535 (5th Cir. 2003). Pursuant to the court's Scheduling Order of November 3, 2005, all motions requesting leave to amend pleadings were to be filed by February 3, 2006. Defendants seek leave to amend eight weeks after the deadline.

In deciding whether to allow an untimely amendment, a court is to consider "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (internal quotation marks, brackets and citations omitted). The court has considered each of these factors and determines that Defendants have established good cause. The bottom line is that the posture of this case is in no way the fault of Defendants, but the result of what Defendants' prior counsel failed to do. It would be unfair, therefore, to penalize Defendants for the actions of their prior counsel. Moreover, Plaintiffs have not shown how they will be legally prejudiced in the presentation of their claims if the motion is granted, or the defense of any counterclaim. The court, therefore, determines that Defendants have demonstrated good cause for the modification of the court's scheduling order.

Accordingly, for the reasons stated herein, Defendants Hackard & Holt et al.'s Motion to Enlarge Time for Leave to File an Amended Answer and Counterclaim to Plaintiffs' Amended Complaint and for Modification of Scheduling Order is **granted**. The court will issue an amended scheduling order by separate document. The court's clerk is **directed** to file Defendants Hackard & Holt, Michael A. Hackard and Theodore J. Holt's First Amended Answer and Counterclaim, received by the court on March 30, 2006.

**Memorandum Opinion and Order - Page 2**

The court now addresses Plaintiffs' alternative request for relief. Plaintiffs request the court, as a condition of granting Defendants' motion, to require Defendants to pay Plaintiffs' attorney's fees in this case to date and require Defendants to deposit all attorneys' fees they collect on Plaintiffs' cases into the registry of the court. Plaintiffs also request that, as a condition for allowing the new counterclaim, that Defendants be ordered to dismiss the cross-claim in a pending case in Missouri.* Plaintiffs, however, fail to provide the court with sufficient information to address these requests. Accordingly, Plaintiffs' alternative request for relief, as conditions for granting Defendants' motion, is **denied**.

It is so ordered this 2nd day of June, 2006.

Sam A. Lindsay
United States District Judge

---

*Defendants have filed a third-party complaint against Plaintiffs in the Western District of Missouri asserting breach of contract.

**Memorandum Opinion and Order - Page 3**