IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TODD LINDLEY and | § | |
| LINDLEY & ASSOCIATES, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1476-L |
| | § | |
| HACKARD & HOLT, | § | |
| MICHAEL A. HACKARD, and | § | |
| THEODORE J. HOLT, Individually, | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiffs' Motion for Partial Summary Judgment, filed December 15, 2005; and Plaintiffs' Motion to Strike Defendants' Summary Judgment Evidence, filed February 9, 2006. After careful consideration of the motions, response, reply, briefs, appendices, competent summary judgment evidence, record, and applicable law, the court **grants in part and denies in part** Plaintiffs' Motion for Partial Summary Judgment; and **denies** Plaintiffs' Motion to Strike Defendants' Summary Judgment Evidence.

## I.     Procedural and Factual Background

Todd Lindley ("Lindley") and the law firm of Lindley & Associates (collectively "Plaintiffs") filed this action on July 25, 2005. Plaintiffs allege that Defendants Hackard & Holt, Michael A. Hackard ("Hackard) and Theodore J. Holt ("Holt") (collectively "Defendants") breached a contract entered into with them to pay fees as part of a fee-splitting and referral relationship on certain mass tort cases. Plaintiffs also allege conversion and partnership liability as to the individual Defendants Hackard and Holt. They also seek declaratory judgment, attorney's fees, injunctive

Memorandum Opinion and Order - Page 1

relief, and request the court to impose a constructive trust on Defendants in the amount of the fees allegedly owed.   The court now sets forth the facts on which it relies to rule on Plaintiffs' motion for partial summary judgment.   In setting forth these facts, the court applies the standard set forth in the following section.

Lindley and Associates is a law firm organized under the laws of Texas, with its principal place of business in Dallas, Texas.   Hackard & Holt is a law partnership organized under the laws of California, with its principal place of business in Gold River, California.   In October 2001, the parties agreed to work together on Fen-Phen diet drug cases brought against drug manufacturers. Lindley handled the intake, screening, and testing of new clients, and referred promising cases to Defendants for the actual litigation and settlement negotiations.   In a letter to Hackard, dated October 19, 2001, Lindley summarized his understanding of the fee-splitting arrangement as follows:

> For those cases which are signed up on a 45% contract, including expenses, the fees divided between the firms will be a 20% attorney fee of any settlement to Hackard and Holt and 25% attorney fee to Lindley & Associates.   For those clients signed up on a contract less than 45%, the fees will be split on a 50/50 basis.
>
> If I have misinterpreted, or you feel that anything needs clarifying, please do not hesitate to contact me.

Plaintiffs' App. at 5.   Holt confirmed the fee arrangement in a letter dated October 29, 2001, and stated that "the details of our arrangement are as contained in your October 19, 2001 letter[.]" *Id.* at 6.

In March 2002, Plaintiffs referred a case to Defendants involving Ms. Susan Ralph ("the *Ralph* case").   In May 2005, Ms. Ralph and American Home Products settled her lawsuit.   The full settlement amount and attorney's fees were paid to Defendants.   In May and June 2005, Lindley

**Memorandum Opinion and Order - Page 2**

demanded his 50% of the 40% contingency fee. Defendants refused to pay Plaintiffs. Plaintiffs filed

this lawsuit, and thereafter their motion for partial summary judgment for breach of contract and

declaratory relief.[1]  Plaintiffs also seek summary judgment as to some of the affirmative defenses

asserted by Defendants.

## II.  **Summary Judgment Standard**

Summary judgment shall be rendered when the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v.

Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact

is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the

nonmoving party.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  When ruling on a

motion for summary judgment, the court is required to view all inferences drawn from the factual

record in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith

Radio,* 475 U.S. 574, 587 (1986); *Ragas,* 136 F.3d at 458.  Further, a court "may not make

credibility determinations or weigh the evidence" in ruling on motion for summary judgment.

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-

55.

---

[1]Plaintiffs unnecessarily caused confusion in this case by filing their motion for partial summary judgment and leave to file an amended complaint on the same day, December 15, 2005.  The court granted Plaintiffs' motion for leave, and the amended complaint was filed on December 16, 2005.  According to the Scheduling Order in effect at the time, the deadline for dispositive motions was not until July 3, 2006.  The court is puzzled why Plaintiffs did not amend their complaint, and then file their motion for partial summary judgment a few days later based on the amended complaint.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita,* 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir.), *cert. denied,* 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas,* 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.; see also Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied,* 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex,* 477 U.S. at 322-23.

III.   **Analysis**

A.   **Breach of Contract**

Plaintiffs contend that Defendants breached a valid and enforceable contract to split fees between the parties. They maintain that there is a written agreement regarding the division of fees.

They further assert that Lindley performed his end of the bargain by screening and referring the Ralph case to Defendants, but Defendants breached the contract by refusing to pay Plaintiffs their share of the fee.  Plaintiffs further contend that there is no evidence that Lindley anticipatorily repudiated the agreement.  They also assert that their claims are not barred by the Statute of Frauds, the applicable laws regarding fee splitting, or public policy.

Defendants counter that Plaintiffs failed to perform under the agreement.  Defendants assert that there were additional oral terms to the agreement that are not inconsistent with and do not vary or contradict the express terms of the written agreement.  Specifically, they allege that the October 19-letter only sets forth one part of the agreement – the fee splitting percentages; but does not reflect Plaintiffs' promise to pay for echo-cardiogram screenings and related services, or the agreement to refer all cases generated to Hackard & Holt.  They also contend that the letters do not reflect "which firm will undertake specific work related to a particular case, when the referral fees are to be paid, who will be responsible for client contact, who will conduct discovery, and which firm will take the lead on negotiations."  Defendants' Brief at 7.  Defendants assert that the parties agreed that Hackard & Holt would secure and pay for media costs, and Plaintiffs would arrange and pay for the echo-cardiogram screening for each potential Fen-Phen client that was signed up under the arrangement.  Defendants' App. at 1-2, Declaration of Theodore J. Holt.  Defendants maintain that Plaintiffs failed to pay the cardiologist to conduct the echo-cardiogram screenings, and that Defendants paid the cardiologist approximately $230,000 for his services related to the Fen-Phen cases.  Defendants further allege that the cardiologist has made a claim against them for approximately $450,000 for unpaid echo-cardiograms and related services provided to potential Fen-Phen clients.  They also allege that Plaintiffs agreed to refer "all of the Fen-Phen cases in their current inventory in addition

**Memorandum Opinion and Order - Page 5**

to all the cases that would arise from the advertising purchased by Hackard & Holt." *Id.* at 2.
Defendants assert that Plaintiffs' agreement to pay for the screenings and to refer all the Fen-Phen
cases to Defendants was material consideration for their agreeing to split the fees with Plaintiffs.
They maintain that, as a result of Plaintiffs' failure to perform, they are excused from splitting fees
with Plaintiffs.

"The elements in a suit for breach of contract are: (1) a valid contract; (2) the plaintiff
performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff
was damaged as a result of that breach." *Aquila Southwest Pipeline, Inc. v. Harmony Exploration,
Inc.,* 48 S.W.3d 225, 235 (Tex.App.– San Antonio 2001, pet. denied). The court determines that
there is a genuine issue of material fact in this case that precludes summary judgment as to
Plaintiffs' breach of contract claim. The parties dispute the specific terms of the entire agreement.
Plaintiffs present summary judgment evidence in the form of an October 19, 2001-letter written by
Lindley that allegedly summarizes the agreement among the parties. They also present a response
from Theordore Holt, dated October 29, 2001, in which Holt states that the letter confirms the
parties' agreement to work together on diet drug cases, and also confirms "that the details of our
arrangement are as contained in your October 19, 2001 letter." Plaintiffs' App. at 6. Lindley
maintains that he performed his obligations under the agreement.

Defendants counter that there are additional oral terms to the agreement that address media
and medical costs, and the parties' respective responsibilities with regard to these expenses; as well
as Plaintiffs' agreement to refer all the diet drug cases in its inventory and those that resulted from
the advertising to Defendants. They maintain that the additional oral terms to the agreement were
material consideration for their agreement to split fees with Plaintiffs. They assert that Plaintiffs did

**Memorandum Opinion and Order - Page 6**

not perform their obligations under the additional terms to the agreement. Defendant Holt's Declaration supports Defendants' contentions that there were additional terms to the agreement, as to the handling of the diet drug cases, that caused Defendants to agree to the fee-splitting arrangement. This position is actually reinforced by Plaintiffs' statement that "Lindley & Associates and Todd Lindley have performed all conditions precedent under the contract and have fully performed their duties under the agreement with Hackard & Holt." Plaintiffs' First Amended Complaint ¶12. This clearly indicates to the court that the language in the letter of October 19, 2001, while not disputed, cannot be read in a vacuum. The existence of the alleged oral agreements and their impact with respect to the written letter agreement are disputed by the parties. Thus these disputed facts affect the outcome of the suit under the governing laws, and properly preclude the entry of summary judgment. If the letter agreement contained language to the effect that the terms listed comprised the entire agreement among the parties, or that the agreement could only be amended in writing, then this case may have been easily resolved. This is not the case, and thus the motion for partial summary judgment as to the breach of contract claim will be denied.

In their Reply, Plaintiffs argue that the parol-evidence rule precludes Defendants from introducing evidence of any oral agreements. Defendants allege that the documents reflecting the fee-splitting arrangement do not contradict the mutually dependent promises supporting the entire agreement. The parol-evidence rule provides that the terms of a written contract cannot be contradicted by evidence of an earlier, inconsistent agreement. *Hubacek v. Ennis State Bank*, 317 S.W.2d 30, 31 (Tex. 1958). If the parties have integrated their agreement into a single written memorial, all prior negotiations and agreements with regard to the same subject matter are excluded from consideration, whether they were oral or written. *Smith v. Smith*, 794 S.W.2d 823, 827

(Tex.App.–Dallas 1990, no writ).   Additionally, a written instrument presumes that all prior agreements relating to the transaction have been merged into it and will be enforced as written and cannot be added to, varied, or contradicted by parol testimony.   *Id.*   The rule is particularly applicable when the written contract contains a recital that it constitutes the entire agreement between the parties or a similarly-worded merger provision. *Weinacht v. Phillips Coal Co.,* 673 S.W.2d 677, 679 (Tex.App.–Dallas 1984, no writ.).   Parol evidence, however,  does not preclude enforcement of prior or contemporaneous agreements which are collateral to the integrated agreement and which are consistent with, and do not vary or contradict, the express or implied terms or obligations of the written agreement.   *O'Farill Avila v. Gonzalez,* 974 S.W.2d 237, 243 (Tex.App.–San Antonio 1998, no pet.) (citing *Hubacek,* 317 S.W.2d at 33).

The summary judgment evidence presented by Defendants does not vary or contradict the letter agreement regarding fee splitting, but creates a genuine issue of material fact regarding contemporaneous agreements collateral to the fee-splitting arrangement.   Specifically, the obligations of the parties with respect to media and medical expenses, the referral of other diet drug cases, and whether these obligations were consideration for the entire agreement. *Further, the letters only address the fee-splitting arrangement and do not recite that they contain the entire agreement between the parties regarding which cases would be referred, the conditions under which such cases would be referred, and other party responsibilities, such as media and medical expenses.* Accordingly, the motion for partial summary judgment on the issue of breach of contract will be denied.

**B.    Defendants' Affirmative Defenses**

Plaintiffs also seek summary judgment as to some of Defendants' affirmative defenses asserted in their amended answer and counterclaim.[2] Plaintiffs contend that there is no evidence to support the following affirmative defenses asserted by Defendants: (1) Plaintiff Lindley & Associates is not entitled to recover in the capacity in which it sues, and does not have standing to assert any claims, as it is not a separate legal entity and not an active law firm; (2) Plaintiffs failed to perform under any agreement with Defendants; (3) Plaintiffs anticipatorily repudiated the agreement; (4) Plaintiffs' claims are barred by the statute of frauds; (5) Plaintiffs are barred from recovery under the applicable laws regarding fee splitting; and (6) recovery of Plaintiffs' claims would violate the public policy of the State of Texas.

Defendants offer no summary judgment evidence to refute Plaintiffs' claims that they are entitled to summary judgment regarding the first, fourth, fifth and sixth affirmative defenses set forth in the preceding paragraph. An affirmative defense places the burden of proof on the party pleading it. *See United States v. Central Gulf Lines, Inc.,* 974 F.2d 621, 629 (5th Cir. 1992). Defendants, as the nonmoving party, have failed to make a showing sufficient to establish the existence of facts essential to these four affirmative defenses, or raise a genuine issue of material fact regarding the affirmative defenses. As there is no evidence presented on these four affirmative defenses, the court agrees that Plaintiffs are entitled to summary judgment on these affirmative defenses. Accordingly,

---

[2]Although Plaintiffs' motion for partial summary judgment was filed prior to Defendants filing their amended answer, the affirmative defenses challenged by Plaintiffs were also asserted in Defendants' original answer. Accordingly, the court will treat Plaintiffs' challenges as those to the affirmative defenses set forth in Defendants' amended answer.

Defendants will not be allowed to use any of the four listed defenses as affirmative defenses to defeat any claim asserted by Plaintiffs.

With respect to anticipatory breach and whether Plaintiffs have failed to perform under *any* agreements with Defendants, the issue becomes more problematic. Anticipatory breach is a positive and unconditional refusal to perform a contract in the future, expressed either before performance is due or after partial performance. *Moore v. Jenkins,* 211 S.W. 975, 976 (1919); *see also Van Polen v. Wisch,* 23 S.W.3d 510, 516 (Tex.App.–Houston [1st Dist.] 2000, no pet.). To constitute an anticipatory breach, a party must have absolutely repudiated the contract without just excuse. *Poe v. Hutchins,* 737 S.W.2d 574, 578 (Tex.App.–Dallas, 1978, writ ref'd n.r.e.). Stated another way, to establish anticipatory breach, one must establish, or raise a genuine issue of material fact, that: (1) the opposing party absolutely repudiated the obligation or contract, (2) such repudiation was without just excuse, and (3) the party asserting the claim or defense has suffered damages. *See id.*

In his Declaration, Defendant Holt states, "It is my understanding that neither Mr. Lindley nor his firm have paid Dr. Mancina for the echo-cardiogram screenings, despite their obligations to do so under our agreement." Holt Declaration ¶6. The court cannot rely on the "It is my understanding" part of the sentence because it is clear that the information is not made on Holt's personal knowledge. *See* Fed. R. Civ. P. 56(e) (requiring supporting and opposing affidavits to be made on personal knowledge); *see also Bolen v. Dengel*, 340 F.3d 300, 313 (5th Cir. 2003) (striking affidavit based on "information and belief," as it did not satisfy the personal knowledge requirement of Rule 56(e)). The statement, "It is my understanding," is another way of saying "I have been led to believe," or "Based on information I have received or reviewed." Such language simply does not meet the personal knowledge requirement of Rule 56(e), and the court will not consider it. While

the court cannot rely on this language, other information in the record indicates that Plaintiffs may have not lived up to some part of the parties' agreement, and had no intention of doing so. Accordingly, a reasonable person might conclude that an anticipatory breach occurred. The court acknowledges that the inference is somewhat tenuous; however, it believes that this matter should be resolved by the trier of fact, rather than at the summary judgment stage. Accordingly, Plaintiffs' motion for summary judgment as to the second and third affirmative defenses set forth above will be denied.

### C.    Declaratory Judgment

Plaintiffs request a declaration that:

> (1) [they] have not anticipatorily breached the agreement; (2) the agreement does not violate the statute of frauds; (3) the agreement is not barred under the applicable laws regarding fee splitting among attorneys; (4) enforcement of the agreement would not violate the public policy of the State of Texas; (5) for those cases which are signed up on a 45% [contingency-fee] contract, including expenses, the fees divided between the firms will be a 20% attorney fee of any settlement to Hackard & Holt and 25% attorney fee to Lindley & Associates; and (6) for those clients signed up on a [contingency-fee] contract less than 45%, the fees will be split on a 50/50 basis between Hackard & Holt and Lindley & Associates.

Plaintiffs' Amended Complaint at ¶ 22. Plaintiffs' Brief at 8. As the court has ruled that summary judgment would be inappropriate regarding anticipatory breach, a declaration concerning this matter would be inappropriate. With respect to declaratory requests 2, 3 and 4, the court determines that a declaration is appropriate, as it has granted summary judgment on affirmative defenses related to these requests. The court further determines that a declaration with respect to requests 5 and 6 is appropriate because the fee arrangement as to attorney's fees is not disputed; however, this declaration comes into play only after the underlying issues are resolved. In other words, if a jury

Memorandum Opinion and Order - Page 11

rules that Defendants breached the contract, there is no question or dispute as to how the fees are to be apportioned.

In making these declarations, the court is limiting its ruling to the facts of this case, which is about the splitting of attorney's fees in the *Ralph* case and attendant issues.  The court does not want this action expanded beyond the issues regarding the *Ralph* case.  Moreover, this is not a particularly complex case; it turns on the amount of attorney's fees, if any, that are owed as a result of the settlement of the *Ralph* case — nothing more, nothing less.  The court will not allow the parties to turn this case into more than what it is.

**IV.    Plaintiffs' Motion to Strike Defendants' Summary Judgment Evidence**

Plaintiffs object to Defendants' summary judgment evidence, contending that Defendants are attempting to defeat summary judgment through the use of inadmissible parol and hearsay evidence.  Plaintiffs specifically object to the portions of the Declaration of Theodore J. Holt ("Holt Declaration") that allegedly adds to, or alters the material terms of the agreement.  Plaintiffs maintain that these statements violate the parol-evidence rule.  Plaintiffs also object to portions of the Holt Declaration regarding conversations with Dr. Mancina, as hearsay and inadmissible under Rules 401 or 403 of the Federal Rules of Evidence.  They further object to the portion of the Holt Declaration that states that the vast majority of potential clients contacted Plaintiffs as a result of the television commercials paid for by Defendants, as this is not based on Holt's personal knowledge.  Plaintiffs further object to that portion of the declaration that refers to an admission made by Lindley that Defendants only received approximately half of Plaintiffs' diet drug cases.  Plaintiffs maintain that this is inadmissible as part of settlement negotiations under Rule 408 of the Federal Rules of Evidence, and violates the parol-evidence rule.

Memorandum Opinion and Order - Page 12

The court overrules Plaintiffs' objection to the portion of the Holt declaration in which he states that there were additional terms to the agreement between the parties.  The court determines that the statement is not parol evidence that contradicts or is inconsistent with the agreement between the parties, but is evidence of an alleged contemporaneous agreement collateral to the fee-splitting agreement.  Regarding the remaining objections, the court has set out the summary judgment standard in Section II above.  The court did not rely upon any evidence to which Plaintiffs objected, other than that related to the oral agreement, which the court has overruled.  As the court did not rely on any other evidence to make its decision, objections thereto are moot, and accordingly overruled.

## V.      Conclusion

For the reasons herein stated, a genuine issue of material fact exists with respect to Plaintiffs' claims that Defendants breached the agreement between the parties regarding the split of attorney's fees in the *Ralph* case.  Accordingly, the court **denies** Plaintiffs' motion for summary judgment as to their breach of contract claim.

The court determines that there is a genuine issue of material fact with respect to Defendants' affirmative defenses that:  (a) Plaintiffs failed to perform under any agreement with Defendants; and (b) Plaintiffs anticipatorily repudiated the agreement.  The court therefore **denies** Plaintiffs' motion for summary judgment as to these affirmative defenses.  The court determines that there are no genuine issue of material fact as to Plaintiffs' claims regarding the remaining affirmative defenses that Plaintiffs challenged in their motion.  Accordingly, the court **grants** Plaintiffs' motion for summary judgment as to the remaining four affirmative defenses, and Defendants will not be

allowed to use any of the four listed defenses as affirmative defenses to defeat any claim asserted by Plaintiffs at trial.

The court **denies** Plaintiffs' motion as to their request for declaratory judgment that they have not anticipatorily breached the agreement between the parties. The court **grants** Plaintiffs' motion as to their request for declaratory judgment and **declares** that:(a) the agreement between the parties does not violate the statute of frauds; (b) the agreement is not barred under the applicable laws regarding fee splitting among attorneys; (c) enforcement of the agreement would not violate the public policy of the State of Texas; (d) for those cases which are signed up on a 45% [contingency-fee] contract, including expenses, the fees divided between the firms will be a 20% attorney fee of any settlement to Hackard & Holt and 25% attorney fee to Lindley & Associates; and (e) for those clients signed up on a [contingency-fee] contract less than 45%, the fees will be split on a 50/50 basis between Hackard & Holt and Lindley & Associates. Declarations (d) and (e) are only effective if Plaintiffs prevail on a breach of contract claim, and there are no defenses established by Defendants that preclude recovery.

The court **overrules** Plaintiffs' objection that the Holt declaration violates the parol-evidence rule. The court **overrules as moot** Plaintiffs' remaining objections to the Holt declaration, except that portion of the declaration to which the court held it violated Fed. R. Civ. P. 56(e), and **denies** Plaintiffs' Motion to Strike Defendants' Summary Judgment Evidence.

As the court has ruled on Plaintiffs' Motion for Partial Summary Judgment, it has narrowed the issues, and the parties are in a better position to evaluate the strengths and weaknesses of their claims and defenses. The court previously stated that this is not a particularly complex case, and

it sees no reason why the parties cannot reach some type of mutually agreeable and beneficial resolution that brings this litigation to a close.  The parties are therefore **directed** to confer and report to the court in writing by **August 14, 2006**, whether they are amenable to mediation.

      **It is so ordered** this 31st day of July, 2006.

Sam A. Lindsay
United States District Judge