IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TODD LINDLEY and LINDLEY & ASSOCIATES, | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Civil Action No. 3:05-CV-1476-L (BH) |
| HACKARD & HOLT, et al., | § § § | |
| Defendants. | § | Referred Motion |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to 28 U.S.C. § 636(b) and the District Court's *Amended Order of Reference*, filed January 28, 2008, this matter was referred to the undersigned United States Magistrate Judge for determination of non-dispositive motions and the submission of proposed findings and recommendations to the District Court on dispositive matters. Before the Court are the following:

(1) *Plaintiffs' Motion to: (1) Re-open This Case, (2) Appoint a Dallas Receiver over the Fen-Phen Proceeds or a Dallas Settlement Special Master, and (3) Enforce the May 4, 2007 Settlement Agreement* ("Mot."), filed November 19, 2007;

(2) *Appendix to Plaintiffs' Motion*[1] ("Mot. App."), filed November 19, 2007;

---

[1]Plaintiffs submitted their appendix in four parts on four different dates, namely November 19, 2007 (docket #231); November 29, 2007 (docket #233); December 21, 2007 (docket #237); and March 5, 2008 (docket #246). The pages are numbered consecutively and the Court refers to them as a single appendix.
    The Court, however, declines to consider the portions of the appendix submitted on December 21, 2007, and on March 5, 2008, because Plaintiffs did not seek leave to file an appendix in support of their reply, nor did they seek leave to file a sur-reply or an appendix in support of a sur-reply. *Springs Indus., Inc. v. American Motorists Ins.*, 137 F.R.D. 238, 239-40 (N.D. Tex. 1991) (movant is not ordinarily permitted to introduce new evidence in support of a reply because such an action would deprive the non-movant of a meaningful opportunity to respond); *see also Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, 2003 WL 251318, at *19 (N.D. Tex. Feb. 3, 2003) (a party may not file an appendix in support of a reply brief without first obtaining leave of court; because the purpose of a reply brief is to rebut the non-movant's response, not to introduce new evidence, such leave will be granted only in limited circumstances). Since the Court did not consider the portions of Plaintiffs' appendix submitted on March 5, 2008, Defendants' motion to strike, filed March 7, 2008, is **DENIED** as **moot**.

(3) *Plaintiffs' Supplement to and Brief in Support of Plaintiffs' November 19, 2007 Motion* ("Mot. Supp."), filed November 28, 2007;

(4) *Defendants' Response in Opposition to Plaintiffs' Motion*, filed December 10, 2007;

(5) *Appendix to Defendants' Response in Opposition to Plaintiffs' Motion*, filed December 10, 2007;

(6) *Plaintiffs' Reply to Defendant Theodore Holt's Response (Misnamed Defendants' Response) to Plaintiffs' Motion*, filed December 21, 2007;

(7) *Plaintiffs' Emergency Motion: (1) for an Evidentiary Hearing on Plaintiffs' Pending Motions and (2) to Shorten Defendants' Time to Respond to this Motion*, filed January 22, 2008;

(8) *Defendants' Response in Opposition to Plaintiffs' Emergency Motion for an Evidentiary Hearing on Plaintiffs' Pending Motions*, filed February 11, 2008;

(9) *Appendix to Defendants' Response in Opposition to Plaintiffs' Emergency Motion for an Evidentiary Hearing on Plaintiffs' Pending Motions*, filed February 11, 2008;

(10) *Plaintiffs' Reply to Defendant Theodore Holt's Response (Misnamed Defendants' Response) to Plaintiffs' Motion for an Evidentiary Hearing*, filed February 21, 2008;

(11) *Plaintiffs' Second Supplement to Plaintiff's November 19, 2007 Motion*, filed March 5, 2008;

(12) *Defendants' Motion to Strike Second Supplement and Fourth Appendix to Plaintiff's November 19, 2007, Motion, and Brief in Support*, filed March 7, 2008;

(13) *Plaintiffs' Response to Theodore Holt's (Misnamed Defendants') Motion to Strike Second Supplement and Fourth Appendix to Plaintiff's November 19, 2007 Motion*, filed March 25, 2008; and

(14) *Defendants' Reply in Support of Motion to Strike Second Supplement and Fourth Appendix to Plaintiffs' November 19, 2007 Motion*, filed April 9, 2008.

Having reviewed the pertinent filings above and the law applicable to the issues raised, the Court finds that Plaintiffs' motion, filed November 19, 2007, should be **DENIED.**

# I. BACKGROUND

This action involves a dispute over Plaintiffs' entitlement to 38.5% in attorneys fees for case referrals related to Fen-Phen anti-obesity drug tort litigation. After approximately two years of contentious litigation, the parties settled their suit at the pretrial conference held on May 4, 2007. The District Court read the settlement agreement into the record as the order of the Court. (Docket #227, issued May 4, 2007). Among other things, the settlement agreement provided that the parties would resolve their remaining issues before a Special Master. (Mot. App. at 10). On the same day, the District Court administratively closed the action. (Docket #227).

Pursuant to the agreement of the parties, on August 21, 2007, the District Court appointed the Honorable Richard L. Gilbert of Sacramento, California, as Special Master of the settlement agreement. (Docket #230). Approximately three months later, Plaintiffs requested the District Court to (1) reopen the case, (2) appoint a Dallas receiver over the Fen-Phen proceeds or a Dallas Special Master, and (3) enforce the May 4, 2007 settlement. (*See* Mot.)

# II. ANALYSIS

Plaintiffs urge the District Court to reopen the administratively closed case because Defendants have allegedly refused to provide them with full information about the Fen-Phen cases and have allegedly withheld the 38.5% of the fees to which Plaintiffs are entitled under the May 4, 2007 settlement agreement. (Mot. Supp. at 5).

Administrative closure of a case functions as the equivalent of a stay. *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004); *see Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 392 (1st Cir. 1999) (administrative closure used to shelve pending, but dormant, cases). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Thus, the "district court has a general discretionary power to stay proceedings before it in the control of its own docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). Cases that have been administratively closed may be reopened *sua sponte* or upon request of the parties. *Mire*, 389 F.3d at 167.

On May 4, 2007, the District Court administratively closed this case because the parties entered into a settlement agreement. The settlement agreement provides, in relevant part, that "all disputes or disagreements as to interpretation of the settlement agreement between Hackard and Holt and Lindley and Associates **are first to be resolved by the administrator** within ten days of dispute. And if not resolved, to be resolved by Judge Lindsay." (Mot. App. at 10) (emphasis added). The "administrator" refers to the Special Master agreed to by the parties. (*See id*. at 5-6, 16).

Subsequent to entry of the settlement agreement and administrative closure of the case, the District Court issued an order regarding the appointment of the Special Master and the jurisdiction, duties, and powers of the Special Master. (Docket #230, issued Aug. 21, 2007). The August 21 Order granted the Special Master "the specific jurisdiction, duties, and powers set forth [in the May 4, 2007 order entering the settlement agreement] and such additional powers as are reasonably necessary to effectuate the Settlement." (*Id*. at 2). The Order further provided that

> [t]he Special Master **shall resolve all disputes within his jurisdiction** concerning the Settlement, **including any dispute concerning the scope of the jurisdiction** of the Special Master to determine the matter in controversy between the parties, within ten days of submission of the dispute to the Special Master or as otherwise agreed. The determinations of the Special Master shall be in writing...**Any determination of the Special Master shall be deemed the order of this Court without the**

**necessity of further motion or order unless, within 10 days after the issuance of the Special Master's determination, a party objecting to the determination moves this Court for review and determination of the matter**. Any matter submitted to this Court for determination will be determined *de novo* and not as a matter of appeal or review."

(*Id*. at 2-3) (emphasis added).

On September 4, 2007, the Special Master issued Order Number One regarding the process to effectuate the settlement. (Mot. App. at 72-80). The Special Master required the parties to exchange certain specific information and established a general dispute resolution process. Order Number One provided twenty days for the parties to request review by the District Court of that order. (*Id*. at 80). Since neither party sought review of Order Number One, it became an order of the District Court. (*See id*.; *see* Docket #230, at 2-3).

Read together, the August 21 Order and Order Number One establish the following dispute resolution process:

(1) In the event of a dispute, the contesting party is required to address the dispute in writing with specificity with the other party. The contesting party must provide available supporting documents or evidence.

(2) The responding party must respond in writing with particularity within seven days. The responding party must provide available supporting documents or evidence and may include an objection that the matter is not within the jurisdiction of the Special Master to determine.

(3) The parties are required to meet and confer in good faith within ten days of the submission of the response.

(4) In the event that the parties cannot resolve the dispute between themselves, the contesting party has seven days (unless otherwise agreed) from the date of the last conference to submit the dispute to the Special Master for determination.

(5) The responding party has seven days from date of service of the request for determination to submit its response and opposing evidence to the Special Master.

(6) The Special Master will set and hold a hearing within ten days of receiving the

>     response, unless the parties agree otherwise.
>
> (7)  Within ten days of the issuance of the Special Master's determination, either party may petition the District Court for a *de novo* review and determination of the matter. If no objection is filed within the ten days, the Special Master's determination shall be deemed the determination of the District Court.

(*See* Mot. App. at 79-80; docket #230, at 2-3). This resolution process applies to **all** disputes concerning the settlement agreement the parties entered into on May 4, 2007, including disputes over the scope of the Special Master's jurisdiction to determine a matter. (Docket #230, at 2).

Based on the dispute resolution process outline above, a final determination by the Special Master is a necessary prerequisite to a petition for review by the District Court. Plaintiffs have not identified any final determination by the Special Master from which they now seek relief in the District Court. Nor have Plaintiffs identified any evidence in the voluminous record to show that they complied with the dispute resolution process. Nothing in the appendix reflects that a dispute was ever submitted to the Special Master for determination. It does not appear that the parties ever reached the third step requiring a good faith conference, and there is no evidence that Plaintiffs even complied with the first step, which requires them to raise a particular dispute in writing with specificity with Defendants. Instead, the parties exchanged a flurry of accusations on a variety of topics in their emails and letters to each other over the course of only three months. These informal exchanges are no substitute for the established dispute resolution process, and Plaintiffs may not leapfrog over the first six steps and seek relief directly from the District Court.

Because Plaintiffs failed to comply with the dispute resolution process established by the District Court and the Special Master, they have not shown good cause for why the District Court should reopen the case. Accordingly, pursuant to the District Court's inherent power to manage its

own docket, Plaintiffs' motion to reopen should be **DENIED**.[2] *See McKnight*, 667 F.2d at 479.

Since the motion to reopen should be denied, Plaintiff's motion for an evidentiary hearing, filed January 22, 2008, is hereby **DENIED** as **moot**.

### III. CONCLUSION

For the reasons stated above, the Court recommends that *Plaintiffs' Motion to: (1) Re-open This Case, (2) Appoint a Dallas Receiver over the Fen-Phen Proceeds or a Dallas Settlement Special Master, and (3) Enforce the May 4, 2007 Settlement Agreement* filed November 19, 2007, should be **DENIED**.

**SO RECOMMENDED** on this 11th day of April, 2008.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2]To the extent that Plaintiffs' November 19, 2007 motion presents two additional motions, one to appoint a Dallas receiver and another to enforce the May 4, 2007 settlement, these motions should be **DENIED** as **moot**.