IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TODD LINDLEY** and<br>**LINDLEY & ASSOCIATES,**<br><br>Plaintiffs,<br><br>v.<br><br>**HACKARD & HOLT,**<br>**MICHAEL A. HACKARD, individually,**<br>**and THEODORE J. HOLT, individually,**<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. **3:05-CV-1476-L** |

## ORDER

Before the court is Plaintiffs' Motion to Re-open this Case, Appoint a Dallas Receiver over the Fen-Phen Proceeds or a Dallas Settlement Special Master, and Enforce the May 4, 2007 Settlement Agreement, filed November 19, 2007; and Plaintiffs' Emergency Motion for an Evidentiary Hearing on Plaintiffs' Pending Motions, filed January 22, 2008. On January 28, 2008, these motions were referred to United States Magistrate Judge Irma C. Ramirez. On April 11, 2008, the Findings and Recommendation of the United States Magistrate Judge ("Report") was filed. On April 21, 2008, Plaintiff filed objections to the Report and Plaintiffs' Alternative Motion for Leave to Allow Plaintiffs' Third Appendix, Fourth Appendix, and Second Supplement.

This action arises from a dispute between Todd Lindley ("Lindley") and his law firm Lindley & Associates (collectively "Plaintiffs") and Defendants Hackard & Holt, Michael A. Hackard ("Hackard"), and Theodore J. Holt ("Holt") (collectively "Defendants") about Plaintiffs' entitlement to a share of the attorney's fees obtained from certain Fen-Phen litigation. On May 4, 2007, the parties settled the lawsuit. As part of the settlement, the parties agreed to the appointment of a

special master to assist in effectuating the settlement agreement. On August 21, 2007, the court appointed the Honorable Richard L. Gilbert as special master (the "Special Master").

Since the settlement of this case, the parties had a disagreement about Plaintiffs' access to certain information on and payment for the cases that they referred to Defendant. The parties worked with the Special Master to resolve the dispute. On November 15, 2007, the Special Master e-mailed the parties Special Master's Order Number Three Regarding the Process to Effectuate Settlement ("Order Number Three"), which he proposed to enter on November 19, 2007.[1] By this order, the Special Master established procedures to facilitate the sharing of certain information between the parties and the timely and orderly disbursement of the funds at issue. The order allowed twenty days for the parties to seek the court's review. Because neither party sought such review, it became an order of the court. On November 16, 2007, Defendants sent a letter to Plaintiffs (the "November letter") to inform them of their belief that California law prohibited them from sharing fees with Lindley because he had been disbarred. On November 19, 2007, Plaintiffs' Motion to: (1) Re-open this Case, (2) Appoint a Dallas Receiver over the Fen-Phen Proceeds or a Dallas Settlement Special Master, and (3) Enforce the May 4, 2007 Settlement Agreement was filed. Plaintiffs contend that Defendants refuse to provide them information on the referred Fen-Phen cases or to pay them referral fees as agreed. Plaintiffs also contend that in its November letter, Hackard and Holt "announced that it will no longer honor the settlement agreement and that it refuses to pay any fees to Lindley and Associates." Pls.' Mot. 2. Plaintiffs deem this letter to be a breach or an anticipatory breach and requests that the court reopen the case, appoint a Dallas receiver or special master, and enforce the settlement agreement.

---

[1] This order was ultimately entered on November 26, 2007.

**Order– Page 2**

Magistrate Judge Ramirez found that because Plaintiffs failed to comply with the dispute resolution process established by the court and the Special Master, they had not stated good cause to reopen the case. She recommended that Plaintiffs' Motion to Re-open This Case be denied and that both their Motion to Appoint a Dallas Receiver Over the Fen-Phen Proceeds or a Dallas Settlement Special Master and their Motion to Enforce the May 4, 2007 Settlement Agreement be denied as moot.

Plaintiffs make twelve objections to the Report. Plaintiffs first object to the magistrate judge's finding that "a final determination by the Special Master is a necessary prerequisite to a petition for review by the District Court." Report 6. According to Plaintiffs, they are permitted to bypass the Special Master's and file this motion directly with the court because it retained jurisdiction to enforce the settlement agreement and that is what they seek by their motion. The court disagrees.

Plaintiffs' purported request to enforce the settlement agreement appears to be an attempt to avoid the Special Master oversight to which the parties agreed. Plaintiffs seek redress because they have allegedly not received certain information and payments and because of Defendants' alleged breach of the settlement agreement. The Special Master has already established a procedure to handle the issue of information and payment in Order Number Three. Plaintiffs did not request that the court review this order within the twenty days allowed, and may not do so now. Plaintiffs' characterization of the November letter as a breach or anticipatory breach also fails to provide a basis for the motion. The letter begins: "We write to you under Paragraph 13 of Order Number One, and Paragraph B.22 of Order Number Three." Pls.' App. 208. Both of the provisions describe the dispute resolution process implemented by the special master. The letter ends: "We look forward

to your response within seven (7) days, as required by Order Number One and Order Number Three." *Id.* at 211. With this letter, Plaintiffs were beginning the dispute resolution process rather than "announcing that they were not going to honor the settlement agreement." Pls.' Mot. 2.

After the magistrate judge issued her Report, the Special Master questioned the parties about resuming the settlement process. Special Master's Decision Regarding Issue of Bar to Payments to Lindley Following Disbarment ("Order Six") 2. Lindley requested that the Special Master decide the issue raised in the November letter prior to resuming. *Id.* The Special Master addressed this issue in Order Six.[2] Neither dispute requires the court to interpret or enforce the settlement agreement. Therefore, Plaintiffs' motion was premature and their concerns should have been addressed through the dispute resolution procedure implemented by the Special Master. Accordingly, the court **overrules** Plaintiffs' first objection. Because its resolution of the first objection disposes of or moots the remaining objections, the court also **overrules** the remaining objections.

Having reviewed the magistrate judge's Report, the motions, briefs, record, objections, and applicable law, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. Accordingly, the court **denies** Plaintiffs' Motion to Re-open this Case, Appoint a Dallas Receiver over the Fen-Phen Proceeds or a Dallas Settlement Special Master, and Enforce the May 4, 2007 Settlement Agreement; **denies as moot** Plaintiffs' Emergency Motion for an Evidentiary Hearing on Plaintiffs' Pending Motions; and **denies as moot** Plaintiffs' Alternative Motion for Leave to Allow Plaintiffs' Third Appendix, Fourth Appendix, and Second Supplement. The Special Master and his procedures

---

[2]Defendants' Notice of De Novo Review of the May 14, 2008 Special Master Ruling was filed on June 13, 2008. The court will address that motion by separate order.

**Order– Page 4**

were put in place to avoid the legal quagmire that exists. The court's ruling removes the quagmire and holds the parties to their previous agreement. With this ruling, the court puts this case in the position it would have been in but for the improperly filed motions.

The court is disturbed by the sequence of events in this case. This matter should have been resolved long ago. The court appears to be refereeing what amounts to kindergarten spat, which it will not continue to do. The court fully realizes that emotions run high and that this case has been vigorously contested. Given the acrimonious nature of this dispute and the representation made to the court during the settlement of this matter that they were "all fought out," the court does not know whether the parties were deceiving the court or themselves. In any event, the court will not tolerate further conduct of this nature. Accordingly, the parties and attorneys are hereby placed on notice that the court has grown weary of the conduct of the parties and their attorneys and will impose all appropriate sanctions on the offending attorney or party if such party or attorney does not comply with the court's orders.

**It is so ordered** this 25th day of August, 2008.

Sam A. Lindsay
United States District Judge