IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TODD LINDLEY and<br>LINDLEY & ASSOCIATES, | §<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| v. | § | Civil Action No. **3:05-CV-1476-L** |
| | § | |
| HACKARD & HOLT, MICHAEL A.<br>HACKARD, and THEODORE J. HOLT,<br>Individually, | §<br>§<br>§<br>§ | |
| Defendants | § | |

## ORDER

Before the court is Peter T. Holt's Motion to Disqualify the Special Master, filed May 19, 2011. The court referred the motion to the Honorable United States Magistrate Judge Irma Carrillo Ramirez for findings and recommendation on July 20, 2011. The magistrate judge filed her Findings, Conclusions, and Recommendation ("Report") on December 21, 2011. On January 3, 2012, the Objection of Peter Holt on behalf of the Theodore Holt Estate to the Findings, Conclusions and Recommendation of the Magistrate Judge was filed; and Susan K. Smith (the "Trustee") filed her Response to the Objection of Peter Holt to the Findings, Conclusions and Recommendation[s] of the Magistrate Judge on January 16, 2012.

Peter Holt objected to the magistrate judge's Report because he contends that it:

> 1. erroneously concludes that the Special Master had no legal duty to provide access to the Ted Holt estate to proceedings and hearings in this case as contained in the withheld communications;
>
> 2. erroneously concludes that the Special Master offered to provide substantial or "all" information to the Ted Holt estate;

      3.    incorrectly concludes that the Ted Holt estate was seeking from the Special Master some overbroad set of "all communications;"

      4.    incorrectly concludes that despite a total exclusion from all proceedings and communications between February 2009 and April 2011, "there is no reason to believe that [the Ted Holt estate] was excluded from important information that Hackard or any other party was privy to;"

      5.    errs by implicitly holding that appointees of this Court cannot be trusted;

      6.    errs by not recommending that the Special Master be ordered to produce to the Ted Holt estate the withheld communications which were sent to the other parties;

      7.    errs by inaccurately assessing the lien protection extended to the Ted Holt [estate] and silently withdrawn by the Special Master;

      8.    errs by inaccurately assessing the $500,000 payment to party Michael Hackard, who selected the Special Master; and

      9.    errs by disregarding the affidavit of moving party Peter Holt in favor of the affidavit of the Special Master, which itself is contradicted by the evidence.

Holt Obj. 1-3.

      The court notes that the Trustee urges the court to apply the "clearly erroneous" and "contrary to law" standards set forth in Rule 72 of the Federal Rules of Civil Procedure. Although no final order or judgment in this action has been issued, a settlement was reached between the parties, and the court administratively closed this action on May 4, 2007. For this reason, the court treats the pending motion as it would a motion for attorney's fees under Rule 72(b), which is to be considered as if it were a dispositive pretrial matter. In the final analysis, however, whether the court considers the matter under the "*de novo*" standard, or the "clearly erroneous" and "contrary to law" standards, it reaches the same result.

After a careful review of the record and applicable law, and a "*de novo*" review of the Report objected to by Peter Holt, the court determines that the objections made by Peter Holt are without merit. The objections therefore are **overruled**. The court **determines** that the findings and conclusions by the magistrate judge are correct, and they are accepted as those of the court. The court **denies** Peter T. Holt's Motion to Disqualify the Special Master.

**It is so ordered** this 6th day of March, 2012.

Sam A. Lindsay
United States District Judge